IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALFREDO RODRIGUEZ GUERRA, : | 1:20-cv-0594 |
| Petitioner, : | |
| : | Hon. John E. Jones III |
| v. : | |
| : | |
| WARDEN CLAIR DOLL, : | |
| Respondent. : | |

**MEMORANDUM**

**July 27, 2020**

Alfredo Rodriguez Guerra ("Guerra"), presently a detainee of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), incarcerated at the York County Prison, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on April 8, 2020, seeking a bond hearing or, alternatively, release from detention. (Doc. 1).

For the reasons that follow, the Court will dismiss Guerra's challenge to his pre-final order detention as moot in light of his change of status to post-final order detention.

**I.   BACKGROUND**

Guerra is a national and citizen of Cuba who sought asylum upon entering the United States at the Anzalduas, Texas Port of Entry on May 3, 2019. (Doc. 6-1, p. 4). He was processed for an "Expedited Removal/Credible Fear," and transported to a detention center. (*Id.*). On June 25, 2019, ICE placed him in

removal proceedings with the issuance of a Notice to Appear charging him as inadmissible under Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA") as an immigrant without proper entry or suitable travel documents. (*Id.* at 5).

On August 20, 2019, an immigration judge ("IJ") denied all requested relief and ordered Guerra removed to Cuba. (*Id.* at 7). He appealed to the Board of Immigration Appeals ("BIA"). On February 14, 2020, the BIA upheld the IJ's decision and dismissed the appeal. *See Guerra v. Barr*, No. 20-1396 (3d Cir. 2020), Doc. 1-2, pp. 3-5.

On February 24, 2020, Guerra pursued relief in the United States Court of Appeals for the Third Circuit with the filing of a Petition for Review and Motion to Stay Removal. *Id.* at Docs. 1, 2. On that same date, the Third Circuit granted a temporary stay in accordance with the court's standing practice order. On April 30, 2020, the Third Circuit denied Guerra's motion to stay removal and lifted the temporary stay. *Id.* at 14.

## II. DISCUSSION

A prisoner or detainee may receive habeas relief only if he "is in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3); *see also Maleng v. Cook*, 490 U.S. 488, 490 (1989). Because Guerra is currently detained within the jurisdiction of this Court and asserts that his

continued detention violates due process, this Court has jurisdiction over his § 2241 petition. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001); *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  Generally, 8 U.S.C. § 1226 governs pre-removal order detention and 8 U.S.C. § 1231 governs post-removal order detention.  *Samba v. Lowe*, No. 3:18-cv-662, 2020 WL 599839, at *2 (M.D. Pa. Feb. 7, 2020).

### A.     8 U.S.C. § 1226

Title 8 U.S.C. § 1226 instructs the Attorney General to detain aliens during ongoing removal proceedings. *See* 8 U.S.C. § 1226.  Section 1226(c) applies to individuals pending a final order of removal and provides, in part, that the Attorney General is required to detain any noncitizen who "is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title." 8 U.S.C. § 1226(c)(1)(B).  Significantly, the grant of a temporary stay of removal in the context of a petition for review causes an immigration detainee to revert to pre-removal immigration detention status because the order of removal is not administratively final.  *See, e.g., Orozco Arroyo v. Doll*, No. 4:19-cv-490, 2019 WL 6173753, at *4-5 (M.D. Pa. Oct. 10, 2019), report and recommendation adopted, 2019 WL 6130483 (M.D. Pa. Nov. 19, 2019); *Carlos A. v. Green*, No. 18-741 (SDW), 2018 WL 3492150, at *2 n.1 (D.N.J. July 20, 2018); *Chica-Iglesia v. Lowe*, No. 1:18-cv-35, 2018 WL 1960438, at *1 (M.D. Pa. Apr. 25, 2018); *Gekara v. Lowe*, No. 3:17-cv-1693, 2018 WL 837599, at *2 (M.D. Pa.

Feb. 12, 2018); *Payano v. Lowe*, No. 3:16-cv-2029, 2016 WL 6995433, at *2 (M.D. Pa. Nov. 30, 2016); *see also Leslie v. Atty Gen.*, 678 F.3d 265, 270 (3d Cir. 2012) (noting that "§ 1321 cannot explain nor authorize detention during a stay of removal pending further judicial review"), abrogated in part on other grounds by *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018). At the time Guerra filed his petition challenging the constitutionality of his prolonged detention without a bond hearing prior to a final order of removal he was detained pursuant to 8 U.S.C. § 1226(c).

### B. 8 U.S.C. § 1231(a)

However, as of April 30, 2020, when the United States Court of Appeals for the Third Circuit vacated its temporary stay of removal and denied Guerra's motion to stay removal, his removal order became administratively final. *See* 8 U.S.C. § 1231(a). Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. § 1231 and applies to the detention of aliens subject to a final order of removal, sans a stay of removal. *See* 8 U.S.C. § 1231; *Guerrero-Sanchez v. Warden York Cty. Prison*, 905 F.3d 208, 213 – 15 (3d Cir. 2018). Accordingly, any request for relief must be evaluated under Section 1231(a), and any claim he had challenging his pre-final order detention under § 1226(c) is moot as he is no longer detained pursuant to that statute. *See Ufele v. Holder*, 473 F. App'x 144, 146 (3d Cir. 2012) (holding that habeas challenge to pre-final order of detention was rendered moot when individual shifted to post-

final order detention status); *Rodney v. Mukasey*, 340 F. App'x 761, 764-65 (3d Cir. 2009) (finding that the change in procedural posture of the case from pre-final order to post-final order mooted petitioner's challenge to pre-final order detention under Section 1226(c) because "[t]he injury alleged, unreasonably long pre-final order of removal detention under 8 U.S.C. § 1226(c), can no longer be redressed by a favorable decision.").

Despite the fact that his petition is moot, given Guerra's *pro se* status, and his continued detention, the Court will consider his detention under § 1231. Section 1231(a)(1)(A) provides that "[e]xcept as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). During this ninety-day period, "the Attorney General shall detain the alien. Under no circumstance during the removal period shall the Attorney General release an alien who has been found ... deportable under section 1227(a)(2)." *See id.* § 1231(a)(2). After the expiration of the mandatory ninety-day period, the alien may be held in continued detention, or may be released under supervision. *See id.* § 1231(a)(3), (6). Further, the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). "Once removal is no longer reasonably foreseeable,

continued detention is no longer authorized by statute." *Id.* at 699.  To establish uniformity in the federal courts, a period of six months was recognized as a "presumptively reasonable period of detention." *Id.* at 701.

The Third Circuit denied Guerra's motion for a stay of removal and lifted the temporary stay on April 30, 2020.  This triggered the running of the ninety-day removal period.  *See Omollo v. Warden, York Cty. Prison*, No. 3:17-cv-1039, 2018 WL 2292533, at *2 (M.D. Pa. May 18, 2018) ("The dismissal of Omollo's pending petition for review [by the Third Circuit Court of Appeals] converted [Omollo's] mandatory detention under Section 1226 to post-final order detention under Section 1231."); *Gekara v. Lowe*, No. 3:17-cv-1693, 2019 WL 837599, at *2 (M.D. Pa. Feb. 12, 2018) ("However, the ninety-day removal did not commence until October 2, 2017, when the Third Circuit lifted its temporary stay of removal upon deciding that Petitioner did not satisfy the requirements for a stay of removal pending a decision on his petition for review."); *Payano v. Lowe*, No. 3:16-cv-2029, 2016 WL 6995433, at *2 (M.D. Pa. Nov. 30, 2016) (same). Guerra is currently within the mandatory ninety-day detention period, which expires on July 29, 2020.  His presumptively reasonable period of detention without a hearing expires ninety days later.  "A petition filed before the expiration date of the presumptively reasonable six months of detention is properly dismissed as premature." *Gekara,* 2018 WL 837599, at *2.  Clearly any challenge to his

detention under §1231 is premature at this time. *See Samba*, 2020 WL 599839, at *3 (concluding same).

### III.  CONCLUSION

Based on the foregoing discussion, Guerra's petition for writ of habeas corpus will be dismissed.

A separate Order shall issue

                                       s/ John E. Jones III
                                       John E. Jones III, Chief Judge
                                       United States District Court
                                       Middle District of Pennsylvania